| | |
|---|---|
| BASHAR SABBAGH<br><br>   *Pro Se* Plaintiff,<br><br>v.<br><br>INSURANCE AUTO AUCTIONS, INC.; RITCHIE BROS. AUCTIONEERS, INC.; RB GLOBAL, INC.; ANN M. FANDOZZI; JAMES FRANCIS KESSLER; GOLDEN STATE AUTOMARKET, LLC; OLEKSII OMELCHENKO; DINA OMELCHENKO; JOHN DOES 1-10; JANE DOES 1-10; ABC LLC 1-10; and, XYZ CORP 1-10;<br><br>   Defendants. | 2:24-cv-06742-JKS-CLW<br><br>**Motion Return Date:**<br><br>**August 5, 2024** |

---

**BRIEF OF DEFENDANTS ANN M. FANDOZZI, JAMES FRANCIS KESSLER, RITCHIE BROS. AUCTIONEERS, INC. and RB GLOBAL, INC., IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIEU OF AN ANSWER TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

---

      **KINNEY LISOVICZ REILLY & WOLFF PC**
      299 Cherry Hill Road, Suite 300
      P.O. Box 912
      Parsippany, New Jersey 07054
      *Attorneys for Defendants Ritchie Bros*
      *Auctioneers, Inc., RB Global, Inc., Ann M.*

#704671v1

*Fandozzi and James Francis Kessler*

Of Counsel and On the Brief:

    Mark S. Hanna, Esq. (MH6108)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...............................................................................iii, iv

PRELIMINARY STATEMENT ............................................................................ 1

LEGAL ARGUMENT

    POINT I

    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO THE
    MOVING PARTIES PURSAUANT TO *FED.R.CIV.P.* 12(b)(6) BECAUSE
    PLAINTIFF THERE IS NO DISPUTE THAT MASSA AUTO
    PURCHASED THE VEHICLE IN QUESTION........................................... 3

    POINT II

    THE PORTIONS OF PLAINTIFF'S COMPLAINT THAT PERTAIN TO
    ANN M. FANDOZZI, JAMES FRANCIS KESSLER, RITCHIE BROS.
    AUCTIONEERS, INC. AND RB GLOBAL, INC., SHOULD BE
    DISMISSED PURSUANT TO *FED R. CIV. P.* 12(b)(6), AS THEY FAIL TO
    ARTICULATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED. . 6

    POINT III

    PLAINTIFF'S COMPLAINT IS BARRED BY A CONTRACTUALLY
    AGREED UPON TIME LIMITATION TO SUIT........................................ 9

    POINT IV

    PLAINTIFF'S OPPOSITON FAILS TO ADDRESS THE LACK OF
    SUFFICIENT PARTICULARITY WITH RESPECT TO THE ALLEGED
    FRAUD CAUSE OF ACTION OR ADDRESS IMPROPRIETIES WITH
    BAILMENT CAUSE OF ACTION............................................................. 10

i

POINT V

PLAINTIFF'S REQUEST FOR DISCOVERY IS CONTRADICTORY TO *FED.R.CIV.P.* 12(b)(6) AND PLAINTIFF DOES NOT DISPUTE THE AUTHENTICITY OF THE DOCUMENTS RELIED UPON IN MOVANT'S BRIEF ........................................................................................................ 12

POINT VI

THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION. ...................................................................... 14

POINT VII

THE UNDERSIGNED TAKES ISSUE WITH PLAINTIFF'S CONTENTION THAT UNETHICAL CONDUCT HAS TAKEN PLACE. ................................................................................................................ 15

CONCLUSION ........................................................................................ 15

#704671v1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arlandson v. Hartz Mt. Corp.,*
    792 F. Supp. 2d 691 (D.N.J. 2011) ............................................................... 13

*Carterer Sav. Bank, F.A. v. Shushan,*
    954 F.2d 141 (3rd Cir. 1992) ...................................................................... 14

*Chudasama v. Mazda Motor Corp.,*
    123 F.3d 1353 (11the Cir. 1997) ................................................................. 12

*D.G. v. Somerset Hills Sch. Dist.,*
    559 F. Supp. 2d 484 (D.N.J. 2008) ............................................................. 13

*LaFountain v. Webb Industries Corp.,*
    951 F.2d 544 (3rd Cir. 1991) ........................................................................ 9

*Lum v. Bank of America,*
    361 F.3d 217 (3d Cir. 2004) ...................................................................... 10

*Mann v. Brewer,*
    375 Fed. Appx. 232 (3d Cir. 2010) ............................................................ 12

*Poling v. K. Hovnanian Enters.,*
    99 F. Supp.2d 502 (D.N.J. May 24, 2000) ................................................ 10

*Saltiel v. GSI Consultants, Inc.,*
    170 N.J. 297 (2002) ..................................................................................... 7

*Van Natta Mech. Corp. v. DiSaulo,*
    277 N.J. Super. 175 (App. Div. 1994) ......................................................... 7

*Vega v. CarMax Auto Superstores Cal.,*
    2018 Cal. App. Unpub. LEXIS 4546 (Cal. Ct. App. July 2, 2018) ................ 5, 6

**Statutes**

*California Vehicle Code* §§ 24007(a)(1) and 24007.5 .............................................. 4

**Other Authorities**

*Fed.R.Civ.P.* 9(b) ................................................................................. 10, 11

*Fed.R.Civ.P* 11 ........................................................................................ 15

*Fed.R.Civ.P.* 12(b)(2) ........................................................................... 3, 14

*Fed.R.Civ.P.* 12(b)(6) ............................................................................. 13

#704671v1

## PRELIMINARY STATEMENT

Defendants Ritchie Bros. Auctioneers, Inc. ("RBA"), RB Global, Inc. ("RB Global"), Ann M. Fandozzi ("Fandozzi") and James Francis Kessler ("Kessler") (collectively, "Moving Parties") have moved to dismiss the complaint of *pro se* Plaintiff, Bashar Sabbagh, for failure to state a claim upon which relief can be granted. The gravamen of Plaintiff's Complaint is an alleged misrepresentation as to the condition of a salvage automobile that was owned and sold at auction by defendants Golden State Automarket, LLC, and auctioned through the services of defendants Insurance Auto Auctions, Inc. ("IAAI"). The Plaintiff has no cognizable cause of action, because the undisputed facts demonstrate that he did not purchase the vehicle at the auction. Instead, as admitted by Plaintiff in his Opposition Brief, non-party Massa Auto Sales, LLC ("Massa") was the straw purchaser of the vehicle, and months thereafter, Plaintiff acquired title to the vehicle from Massa. Because the Plaintiff did not actually purchase the vehicle from the defendants in his capacity as an individual, Plaintiff is unable, as matter of law and fact, to make a *prima facia* case as to any of the causes of action pled in the Complaint. Thus, Plaintiff's Complaint should be dismissed.

Additionally, though Plaintiff's Opposition Brief recites the correct case law regarding the elements of corporate officer liability, it is patently clear that the Complaint itself is bereft of allegations that satisfy those elements. Further, Plaintiff

1

does not dispute that Kessler did not become the CEO of RB Global until August 2, 2023, which was well after the complained of conduct that allegedly took place in 2021. The Complaint fails to allege how as CEO of RB Global after the sale in question, Kessler could possibly have directed or participated in any alleged tort by IAAI that resulted in Plaintiff's alleged damages from two years earlier. Thus, the Complaint should be dismissed as to Fandozzi and Kessler.

Likewise, Plaintiff names RBA f/k/a RB Global as defendants, even though it merged with the parent company of IAAI two years after all of the the complained-of conduct occurred. As anticipated, Plaintiff argues "successor liability" may apply as to RBA and/or RB Global, even though same was not alleged in the Complaint. Even if pled, a successor liability theory would fail as a matter of law, because there has not been a destruction of the possibility of a remedy from the original entity, which is a necessary element of a successor liability claim. The original entity, IAAI, still exists and has assets in excess of the damages claimed by plaintiff, such that there is a possibility of a recovery from IAAI[1], thereby eliminating successor liability as to RBA and/or RB Global as a matter of law.

Finally, Plaintiff cannot establish that the Court has personal jurisdiction over the out-of-state corporate defendants and out-of-state corporate executives, wherein

---

[1] Nothing herein should be construed as an admission or argument that IAAI is in fact liable.

all alleged conduct occurred out-of-state.   Therefore, the Complaint should be dismissed for lack of personal jurisdiction pursuant to *Fed.R.Civ.P.* 12(b)(2).

For the reasons more fully discussed below and in movant's brief, the Moving Parties are entitled to an Order dismissing as much of Plaintiff's Complaint that pertains to them.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO THE MOVING PARTIES PURSAUANT TO *FED.R.CIV.P.* 12(b)(6) BECAUSE PLAINTIFF THERE IS NO DISPUTE THAT MASSA AUTO PURCHASED THE VEHICLE IN QUESTION.

At the heart of Plaintiff's Complaint, is an allegation that an incorrect description of a salvage vehicle *sold to the Plaintiff* at auction, was furnished by some or all the defendants[2].   He has pled unjust enrichment, negligent misrepresentation, fraud, negligence, and bailment causes of action against all of the defendants.   As demonstrated by documentary evidence and the admissions in Plaintiff's Opposition Brief, Plaintiff's Complaint is premised on an unquestionably incorrect factual predicate that he, as an individual, purchased the vehicle at auction. It is without question that Plaintiff, as an individual, did not purchase the vehicle at

---

[2] There is no differentiation between the conduct ascribed to the Defendants in the Complaint; in other words, all allegations are pled as to all Defendants without specific acts having been pled or ascribed to any particular Defendant.

3

auction. Rather, the vehicle was purchased by non-party Massa Auto, which Plaintiff used as a straw purchaser. This is a fact that renders him incapable of recovering under each one of these causes of action, as a matter of law and fact.

Plaintiff's Brief in Opposition to the Defendants' Motion to Dismiss concedes that "the winning bid" was made "using Massa Auto's account. . ." Plaintiff's Opposition Brief, Page 4. Moreover, Plaintiff characterizes the subsequent transfer of title from Massa Auto to himself as a "necessary procedural step to . . . register the vehicle in his name." Plaintiff's Opposition Brief, Page 5. In reality, the purchase by Massa Auto and subsequent title transfer to Plaintiff, was akin to a "straw purchase" wherein Plaintiff hid behind Massa Auto's dealership license to comply with the requirements of California law, that limits the sale of a salvage vehicle at auction to only licensed dealers, dismantlers or brokers. See, *California Vehicle Code* §§ 24007(a)(1) and 24007.5. Plaintiff's Complaint alleges, and Plaintiff does not dispute, that the vehicle in question was a salvage vehicle that was purchased in a California auction. Notably absent from Plaintiff's opposition, is any contention that he is licensed as a dealer, dismantler or broker with proper authority to purchase a salvage auto in a California auction. In other words, California law prohibited Plaintiff, who is not licensed as a dealer, dismantler or broker, from entering this transaction with Defendant, Golden State Automarket. The impetus for Plaintiff's use of Massa Auto as a "straw purchaser" is clear: without a licensed

4

dealer, dismantler or broker, the transaction of the vehicle to Plaintiff as an individual would not have been done in accordance with California law. Thus, despite Plaintiff's efforts to claim that he purchased the vehicle as an individual, there can be no question that the sale at issue was between Golden State Automarket and Massa Auto.

To attempt to dispel the documentary evidence that unequivocally demonstrates that Massa Auto, not Plaintiff, purchased the vehicle at the auto auction, Plaintiff argues that his intent behind the purchase was to use the vehicle for personal purposes. Plaintiff provides no legal authority for the proposition that his intent with the object of the sale has any bearing on this analysis, whatsoever. Indeed, one can envision a multitude of transactions that could potentially be unraveled by the usage of a "straw purchaser" and subsequent assertions related to the alleged purchaser's "intent." No law has been cited in support of this contention, and this Court should not accept this baseless proposition.

This matter is akin to *Vega v. CarMax Auto Superstores Cal.*, 2018 Cal. App. Unpub. LEXIS 4546 (Cal. Ct. App. July 2, 2018), petition for review denied, 2018 Cal. LEXIS 7153 (Cal., Sept. 19, 2018). In that matter, the plaintiff alleged that the defendant failed to properly inspect and/or made misrepresentations regarding the condition of a vehicle that the defendant sold to plaintiff's mother. *Vega*, 2018 Cal. App. Unpub. LEXIS 4546, *1-2. The intention of plaintiff's mother was to permit

her son to be the primary user of the vehicle. *Ibid.* However, there were latent defects discovered with the vehicle, and the plaintiff sued the defendant for misrepresenting the condition of the vehicle, fraud, negligence and other causes of action. *Ibid.* The trial court dismissed the complaint because it did not state a claim upon which relief could be granted, by in large, because plaintiff was not the purchaser of the vehicle. The appellate court affirmed the dismissal and held that the plaintiff's causes of action failed "because he was not the party who bought the car." *Id.* at *9.

Plaintiff was not in privity with the Moving Parties. To the extent the Complaint is premised on allegations that say that he was damaged by the Moving parties, the Complaint fails to articulate a claim upon which relief can be granted against the Moving Parties, and should therefore be dismissed.

## POINT II

### THE PORTIONS OF PLAINTIFF'S COMPLAINT THAT PERTAIN TO ANN M. FANDOZZI, JAMES FRANCIS KESSLER, RITCHIE BROS. AUCTIONEERS, INC. AND RB GLOBAL, INC., SHOULD BE DISMISSED PURSUANT TO FED R. CIV. P. 12(b)(6), AS THEY FAIL TO ARTICULATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

With respect to Fandozzi and Kessler, Plaintiff's opposition recites the same hornbook New Jersey law cited by the Moving Parties, concerning the so-called "participation theory" of personal liability of corporate officers. Defendants agree that in New Jersey, liability can only be imposed on corporate officers for torts

6

allegedly committed by other corporate employees, if there is "participation" by the corporate officers. *Saltiel v. GSI Consultants, Inc.,* 170 N.J. 297 (2002). However, Plaintiff's Complaint and Opposition Brief ignore that it is also well-settled that, in New Jersey, corporate officers cannot be held liable for the torts of a corporation, unless the corporate officer "directs the tortious act to be done, or participates . . . therein. . ." *Van Natta Mech. Corp. v. DiSaulo,* 277 N.J. Super. 175, 191 (App. Div. 1994).

Plaintiff's opposition does nothing to explain what allegations exist in the Complaint as to acts that Fandozzi or Kessler engaged in, that constituted the direction of, or participation in, a corporate tort. The threadbare and conclusory allegations pled against the corporate officers falls short of the requisite elements necessary to sustain a legally cognizable cause of action against corporate officers. Although Plaintiff's Complaint alleges that the salvage vehicle was advertised incorrectly, it does not identify any person or party in particular, that engaged in any deceptive advertisement, and whether Fandozzi and/or Kessler directed, controlled and/or participated in such actions. Accordingly, the Complaint fails to articulate allegations that would sustain a legally cognizable claim against these corporate officers and should be dismissed as to Fandozzi and Kessler.

7

Moreover, as argued in Defendants' brief, the Complaint alleges that Kessler was the CEO of IAAI. The portion of the Complaint aimed at Kessler, is based on several facts that are undisputedly incorrect. First, the Complaint alleges that Kessler was the CEO of IAAI. This is undisputably incorrect; Kessler was never CEO of IAAI. Second, the Complaint alleges that Kessler was the CEO of RBA. This is also undisputably incorrect; Kessler was never the CEO of RBA. Rather, the undisputable facts show that Kessler became CEO of RB Global in or around August, 2023 – approximately two years after all of the alleged conduct that is set forth in the Complaint. While it is true that Kessler may have been an employee of RBA or RB Global or a related entity at the time the events alleged in the Complaint took place, the Complaint does not reference same or how he had any duty, or could have participated in, or directed in any action that could have led to Plaintiff's alleged damages. Plaintiff's opposition fails to address any of these arguments. Accordingly, the Complaint should be dismissed against Kessler.

Similarly, RB Global, Inc. f/k/a Ritchie Bros. Auctioneers, Inc. cannot be liable for Plaintiff's alleged damages, because it did not acquire IAAI until two years after the events alleged in the complaint. As anticipated, Plaintiff's opposition tries to instill a belated and unsupported claim for "successor liability," that was not pled in the Complaint. The "successor liability" argument was anticipated by the Moving Parties, and addressed in the Moving Parties' brief, but such arguments were

completely ignored by Plaintiff's opposition. Even if "successor liability" was pled, there can be no successor liability here as a matter of law. In order for there to be successor liability, there has to be a virtual destruction of the plaintiff's remedies against the original entity. *LaFountain v. Webb Industries Corp.,* 951 F.2d 544 (3rd Cir. 1991). Even at this preliminary stage, it is readily apparent that such a contention is unsustainable, because it is without question that IAAI remains in existence and has assets that far exceed the relatively nominal amount at issue in this case, such that there has not been a "virtual destruction" of a potential remedy – a necessary pre-requisite to imposition of successor liability. See, *Declaration of Jordan Olejniczak*, Brief of Moving Parties, ¶9.

Even if pled, there is no basis upon which Plaintiff would be able to establish successor liability, as the prerequisite for imposition of successor liability, the destruction of a potential remedy from the original entity, is not present. Accordingly, Ritchie Bros. Auctioneers, Inc. and RB Global, Inc. should be dismissed from this lawsuit.

## POINT III

### PLAINTIFF'S COMPLAINT IS BARRED BY A CONTRACTUALLY AGREED UPON TIME LIMITATION TO SUIT.

Plaintiff's opposition concedes that he personally used Massa Auto's credentials to effectuate the winning bid at auction, as to the vehicle in question.

9

Plaintiff's purchase is thus subject to the Auction Rules, which require all actions arising from the transaction at issue to have been brought within one year from the date of the accrual of the cause of action, or forever be barred. The Plaintiff's Complaint alleges that the auction took place in or about September 2021. He allegedly became aware of the claimed misrepresentations as to the condition of the vehicle within days of the auction. However, the Complaint was not filed until February 19, 2024. Thus, the Complaint in its entirety should be dismissed as time barred.

## POINT IV

### PLAINTIFF'S OPPOSITON FAILS TO ADDRESS THE LACK OF SUFFICIENT PARTICULARITY WITH RESPECT TO THE ALLEGED FRAUD CAUSE OF ACTION OR ADDRESS IMPROPRIETIES WITH BAILMENT CAUSE OF ACTION.

*Fed.R.Civ.P.* 9(b)'s heightened pleading standard requires pleadings sounding in fraud to state the purportedly fraudulent statements "with particularity." *Fed.R.Civ.P.* 9(b). The Third Circuit has interpreted this standard to mean "a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged. *Lum v. Bank of America,* 361 F.3d 217, 223-24 (3d Cir. 2004)).

When there are multiple defendants, as is the case herein, the complaint should reasonably inform each defendant as to the specific wrongful acts each allegedly

10

committed.  *See Poling v. K. Hovnanian Enters.*, 99 F. Supp.2d 502, 508 (D.N.J. May 24, 2000) (allegations of fraud against multiple defendants without informing each of the acts allegedly committed fails to satisfy *Rule* 9(b)).

The allegations with respect to the allegedly fraudulent misrepresentation regarding the condition of the vehicle and consumer fraud, are ascribed generically as to all defendants without any differentiation having been made between them, or any elucidation as to their "precise misconduct."  There is nothing present, but threadbare and conclusory remarks.  This does not meet the heightened pleading standard set forth in *Fed.R.Civ.P.* 9(b). The opposition brief filed by Plaintiff does not address this deficiency in any manner. Therefore, Count III of the Complaint should be dismissed.

Count V of the Plaintiff's Complaint alleges that "a bailment relationship was established between Plaintiff and Defendants concerning the care and custody of the vehicle, which the Defendants breached."  As argued in Movant's Brief, the bailment cause of action has not been properly pled.  The Complaint does not allege whether the bailment was created by express or implied contract, and if express it does not identify the contract.   The Complaint does not allege the terms of the bailment relationship.   It does not allege that the vehicle was placed by Plaintiff in the possession of the defendants.  Notably, the Complaint does not say which of the CEO defendants or corporate defendants he entrusted his vehicle with, or that they

11

agreed to care for his property.  Instead, the Complaint merely issues a threadbare

conclusory remark that a bailment relationship was somehow established.

Accordingly, Count V of the Complaint should be dismissed.

## POINT V

### PLAINTIFFS' REQUEST FOR DISCOVERY IS CONTRADICTORY TO RULE 12(b)(6) AND PLAINTIFF DOES NOT DISPUTE THE AUTHENTICITY OF THE DOCUMENTS RELIED UPON IN MOVANT'S BRIEF.

Because he is unable to identify and plead facts to support bald conclusory

allegations, Plaintiff contends that the Complaint should not be dismissed at this

preliminary stage, when he has not yet been afforded the opportunity to conduct any

discovery.   However, as held by the Third Circuit in *Mann v. Brewer*, 375 Fed.

Appx. 232 (3d Cir. 2010), a motion to dismiss should be "defended on its face

without extensive factual development."   *Id.* at 239.   As explained by the Third

Circuit in *Mann*, which cited to other persuasive authority, *Chudasama v. Mazda

Motor Corp.*, 123 F.3d 1353, 1367 (11the Cir. 1997), "[a] motion to dismiss based

on failure to state a claim for relief should…be resolved before discovery begins."

*Ibid.*

Plaintiff herein concedes that the vehicle in question was purchased at auction,

by Massa Auto, and thereafter transferred to Plaintiff.  For the reasons expressed

above in Point I, there is no discovery that could alter the outcome – the Plaintiff has

12

conceded that the transaction at issue was between Golden State Automarket and Massa.

When deciding a motion to dismiss pursuant to *Fed.R.Civ.P.* 12(b)(6), the court generally relies on the allegations in the complaint, matters of public record, and exhibits attached to the complaint. *Arlandson v. Hartz Mt. Corp.*, 792 F. Supp. 2d 691, 697 (D.N.J. 2011) (citing *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007)). The court may also "consider 'undisputedly authentic [documents] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s].'" *Ibid.* (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *aff'd,* 215 F.3d 407 (3d Cir. 2000)). Documents whose contents are alleged in the complaint but that are not attached to the complaint, may also be considered when no party questions the documents' authenticity. *Ibid.* (citing *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002)). Barring these circumstances, if the court exercises discretion and permits a party to present matters outside the pleadings, the court must convert the motion to dismiss into one for summary judgment. *D.G. v. Somerset Hills Sch. Dist.,* 559 F. Supp. 2d 484, 491 (D.N.J. 2008).

Plaintiff's claim that discovery is necessary is wholly unsupported. The Plaintiff's opposition does not contend that any of the documents relied upon by the Moving Parties are unauthentic or inadmissible, to warrant discovery. In fact, most

13

of the documents relied upon in Moving Parties' brief were provided by Plaintiff. Accordingly, the Court should not entertain Plaintiff's request to conduct discovery.

## POINT VI

### THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

Once a defendant raises questions of personal jurisdiction, plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction. *Carterer Sav. Bank, F.A. v. Shushan*, 954 F.2d 141 (3rd Cir. 1992). Plaintiff has failed to bear this burden.

According to Plaintiff's own complaint, Ritchie Bros Auctioneers, Inc. and RB Global, Inc., are Illinois domiciled entities, and are not domiciled in New Jersey. Furthermore, according to Plaintiff's own complaint, Fandozzi and Kessler reside in Pennsylvania. Therefore, none of the moving defendants are "at home" within New Jersey, so as to invoke general jurisdiction. The conduct claimed herein, consisted of an alleged misrepresentation of the condition of a vehicle in a California auction.

As argued in Point I *supra*, Plaintiff did not engage in any transaction with the moving defendants. Instead, he purchased the vehicle in question in New Jersey, from a New Jersey entity called Massa Auto. Accordingly, Plaintiff cannot establish that the Court has personal jurisdiction, and the Complaint should be dismissed pursuant to *Fed.R.Civ.P.* 12(b)(2).

14

## POINT VII

## THE UNDERSIGNED TAKES ISSUE WITH PLAINTIFF'S CONTENTION THAT UNETHICAL CONDUCT HAS TAKEN PLACE.

Plaintiff has made a contention that the undersigned has engaged in unethical conduct. Though it is believed that Plaintiff's vexatious and defamatory contention in that regard would potentially subject Plaintiff to *Rule* 11 sanctions, the undersigned has chosen not to dignify Plaintiff's baseless *ad hominem* attacks on counsel with a response, other than to simply state that they are unquestionably false.

## CONCLUSION

For the foregoing reasons and the reasons in the Moving Parties' brief, it is respectfully requested that the portions of Plaintiff's Complaint that are directed to Moving Parties. be dismissed, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**KINNEY LISOVICZ REILLY & WOLFF PC**
299 Cherry Hill Road, Suite 300
P.O. Box 912
Parsippany, NJ 07054
Phone:  (973) 957-2550
Fax:      (973) 710-1054
Email: mark.hanna@klrw.law
Attorneys for Defendants, Ritchie Bros. Auctioneers,
Inc., RB Global, Inc., Ann M. Fandozzi and James
Francis Kessler

By:      */s/ Mark S. Hanna*
Mark S. Hanna, Esq. (MH6108)

Dated:  July 26, 2024

15

#704671v1