<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BASHAR SABBAGH, <br><br> *Plaintiff,* <br><br> v. <br><br> INSURANCE AUTO AUCTIONS, INC., et al., <br><br> *Defendants.* | Case No.: 24-cv-06742-JKS-CLW <br><br> **OPINION** <br><br> December 26, 2024 |

**SEMPER**, District Judge.

Before the Court are two motions to dismiss: (1) Defendants Golden State Automarket LLC ("GSA"), Insurance Auto Auctions, Inc. ("IAA"), Dina Omelchenko ("Dina"), and Oleksii Omelchenko's ("Oleksii") motion to dismiss pro se Plaintiff Bashar Sabbagh's ("Plaintiff" or "Sabbagh") Complaint (ECF 1-2, "Compl.") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (ECF 2, "GSA MTD"); and (2) Defendants Ann M. Fandozzi, James Francis Kessler, RB Global, Inc. ("RBG"), and Ritchie Bros. Auctioneers, Inc.'s ("RBA") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (ECF 5, "RB MTD.") Plaintiff opposed both motions. (ECF 14; ECF 15.) Defendants filed briefs in reply. (ECF 16; ECF 17.) The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motions to dismiss are **GRANTED.**

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

---

[1] The facts are drawn from the Complaint and documents integral to or relied upon by the Complaint. *See In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

This case arises from a car sale. (*See* Compl. ¶ 1.) Plaintiff asserts that in or about September 2021, Defendants GSA, Oleksii, and Dina listed a 2020 Mercedes-Benz S560, with Vehicle Identification Number (VIN) WDDUG8DB2LA516999, for auction through the services of Defendants IAA, RBA, and RBG. (*Id.* ¶ 10.)[2] The listing, identified by lot #30452455, described the vehicle as having a California salvage title, noting it had been involved in an accident affecting the front right corner, which corresponded to the listing photos. (*Id.* ¶ 11.) The vehicle was advertised as being in a "Run and Drive" condition, which Plaintiff asserts was a "crucial factor" in his decision to participate in the auction. (*Id.*) On September 6, 2021, Plaintiff entered a bidding process and was subsequently declared the winning bidder for the vehicle at a purchase price of $57,275. (*Id.* ¶ 12.) Plaintiff alleges the transaction was predicated on the descriptions and conditions provided in the vehicle listing, including its purported operational status. (*Id.*)

Following the sale, Plaintiff allegedly incurred expenses totaling $2,400 to transport the vehicle from California to New Jersey, due to his discovery that the vehicle was not in a drivable condition as advertised. (*Id.* ¶ 13.) Upon delivery, the vehicle was taken to an autobody shop "for a comprehensive estimate and repairs of the damages sustained." (*Id.*) Plaintiff alleges

> [t]he damage assessment revealed that the vehicle's condition significantly exceeded the scope of damages disclosed in the auction listing. The estimate, amounting to $24,948.02, outlined extensive damage not related to the described accident, including but not limited to the theft of critical parts such as the rear and skirt airbags, transmission radiator pre-collision sensor, front camera, and its associated actuator and housing. Furthermore, the vehicle exhibited additional damage to its engine radiator, the coolant was completely depleted, the AIRMATIC shocks were destroyed, and the coolant circulating pump was crushed, rendering the vehicle inoperable and contradicting its advertised 'Run and Drive' status.

---

[2] Plaintiff asserts Fandozzi, and Kessler are included as Defendants due to their roles and responsibilities within the auctioneer Defendants' operations concerning this transaction. (Compl. ¶ 10.)

2

(*Id.* ¶ 14.) Plaintiff filed his Complaint in New Jersey Superior Court, Docket No. BER-L-1140-24. (*Id.*) He asserts claims for unjust enrichment (count one), negligent misrepresentation (count two), fraud (count three), negligence (count four), and bailment (count five). (*See generally id.*) Defendants Oleksii, Dina, and GSA removed the case. (*See* ECF 1, Notice of Removal.) Defendants Oleksii, Dina, GSA, and IAA moved to dismiss. (ECF 2.) Fandozzi, Kessler, RBG, and RBA also moved to dismiss. (ECF 5.)

## II.   LEGAL STANDARD

### A.   Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction[.]" *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Despite having all reasonable inferences drawn in its favor, the plaintiff cannot rely on the bare pleadings alone to defeat a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)). "A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether *in personam* jurisdiction actually lies." *Patterson*, 893 F.2d at 603 (citing *Time Share Vacation Club*, 735 F.2d at 67 n.9). "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Patterson*, 893 F.2d at 603-04. In conducting the jurisdictional analysis, district courts

may rely upon the parties' declarations for relevant factual support. *See, e.g.*, *Shnayderman v. Cell-U-More, Inc.*, No. 18-5103, 2018 U.S. Dist. LEXIS 197593, at *11 (D.N.J. Nov. 20, 2018) (using information from the plaintiff's complaint and declaration to determine defendant did not travel to the forum state or solicit a loan from the plaintiff in the forum state); *Pausch LLC v. Ti-Ba Enters.*, No. 13-6933, 2014 U.S. Dist. LEXIS 143800, at *6-7 (D.N.J. Oct. 8, 2014) (using declarations from both parties to conclude that contacts with the forum were insufficient for personal jurisdiction); *Dudhwala v. Choice Hotels Int'l Servs. Corp.*, No. 22-873, 2022 U.S. Dist. LEXIS 168453, at *10 (D.N.J. Sept. 19, 2022) (considering facts from the parties' declarations to assess personal jurisdiction).

### III.    ANALYSIS

"[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state[]" so long as the jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotation marks omitted). The inquiry involves a two-step process: first looking to the state requirements and then to the constitutional requirements. *IMO Indus., Inc. v. Kiekart AG*, 155 F.3d 254, 259 (3d Cir. 1998). In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96 (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *International Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). In other words, to establish

personal jurisdiction, the Due Process Clause requires (1) minimum contacts between the defendant and the forum; and (2) that jurisdiction over the defendant comports with "'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe*, 326 U.S. at 320).

"[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King*, 471 U.S. at 474 (citing *International Shoe*, 326 U.S. at 316). A defendant must have "'fair warning'" that its conduct will subject it to the jurisdiction of a foreign court. *Burger King*, 471 U.S. at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)). A defendant's conduct and connection with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Once a plaintiff demonstrates a prima facie case of personal jurisdiction by establishing minimum contacts, the burden shifts to the defendant. In fact, once minimum contacts have been shown, jurisdiction is "presumptively constitutional." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 324 (3d Cir. 2007). A defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

Personal jurisdiction may be established by means of general jurisdiction or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If a defendant is subject to a forum's general jurisdiction, he or she can be sued there on any matter. *Id*. If, however, a defendant is solely subject to specific jurisdiction, he or she may only face suit in the forum if its activities concerning the forum are related to the claims in the suit. *Id*.

### a. General Jurisdiction

"General (or 'all-purpose') jurisdiction permits a court to hear any and all claims against a defendant brought within a certain forum, even if those claims have nothing to do with any actions the defendant took in the forum." *Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 257 (3d Cir. 2022) (citing *Goodyear*, 564 U.S. at 923). The sweeping "breadth" of such jurisdiction imposes one "correlative limit." *Ford Motor Co. v. Mont. Eight Jud. Dist. Ct.*, 592 U.S. 351, 358 (1945). The question is whether the defendant's "affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear*, 564 U.S. at 919); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *International Shoe*, 326 U.S. at 317. "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 571 U.S. at 137. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear*, 564 U.S. at 924 (citation omitted). With respect to a corporation, the paradigmatic forum is the place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137 (citation omitted).

### i. Individual Defendants

Here, none of the individual defendants are domiciled in New Jersey. Defendant Fandozzi is a Pennsylvania resident. (Compl. ¶ 5.) Defendant Kessler is a Pennsylvania resident. (*Id.* ¶ 6.) Defendant Oleksii is a California resident. (*Id.* ¶ 8.) Defendant Dina is a California resident. (*Id.* ¶ 9.) Accordingly, none of the individual defendants are subject to general jurisdiction.

### ii. Entity Defendants

"For a corporate defendant, the main bases for general jurisdiction are (1) the place of incorporation [or formation]; and (2) the principal place of business." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014)); *see also Fischer*, 42 F.4th at 383 ("For a corporation, general jurisdiction is only proper in states where the corporation is fairly regarded as 'at home,' which generally is restricted to the corporation's state of incorporation or the state of its principal place of business.").[3]

Here, Defendant IAA is an Illinois corporation headquartered in Illinois. (Compl. ¶ 2.) Defendant RBA is an Illinois corporation headquartered in Illinois. (*Id.* ¶ 3.) Defendant RBG is an Illinois corporation headquartered in Illinois. (*Id.* ¶ 4.) Accordingly, none of these defendants are subject to general jurisdiction. Furthermore, Plaintiff alleges that Defendant GSA is a California corporation headquartered in California. (*Id.* ¶ 7.) Defendant GSA asserts that it is a California limited liability company, not a corporation. (ECF 2-1 at 23.) In either case, Defendant GSA is not subject to general jurisdiction. *Abira Med. Lab'ys, LLC v. Point32Health, Inc.*, No. 23-04170, 2024 WL 2746139, at *3 (D.N.J. May 29, 2024) (explaining that for purposes of analyzing general jurisdiction, Courts look to a limited liability company's state of formation and principal place of business).

---

[3] "[G]eneral jurisdiction may [also] arise in the 'exceptional case' where 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.'" *Display Works*, 182 F. Supp. 3d at 173 (citation omitted); *see also Daimler AG*, 571 U.S. at 139 n.19. Such an exceptional case requires a plaintiff to furnish at least some evidence that reasonably suggests that a corporate entity's contacts with the forum state are so substantial that they surpass the entity's contacts with other states. *See, e.g.*, *Ontel Prod. Corp. v. Mindscope Prod.*, 220 F. Supp. 3d 555, 560 (D.N.J. 2016) ("[Plaintiff] does not provide any evidence that reasonably suggests that indirect sales in New Jersey occur at all or that those sales surpass [the defendant's] third party sales made elsewhere."). Plaintiff makes no such allegations about the corporate defendants.

### b. Specific Jurisdiction

"Specific" or "case-linked" jurisdiction depends on an affiliation between the forum state and the defendant's "suit-related conduct." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Marten*, 499 F.3d at 296 (citing *Helicopteros*, 466 U.S. at 414-15 n.9). "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller Yacht Sales*, 384 F.3d at 96 (citing *Burger King*, 471 U.S. at 475 n.18). But "[t]he contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford*, 592 U.S. at 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).

The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists as to a particular defendant. *O'Connor*, 496 F.3d at 317. First, the defendant must have "purposefully directed [its] activities at the forum." *Id.* (internal quotation marks omitted).[4] The "purposefully directed" requirement is designed to prevent a person from being haled into a jurisdiction "solely as the result of random, fortuitous, or attenuated contacts" or due to the "unilateral activity of another party or third person[.]" *Id.* (internal quotation marks omitted) (citing *Keeton*, 465 U.S. at 774; *World-Wide Volkswagen Corp.*, 444 U.S. at 299; *Helicopteros*, 466 U.S. at 417). "Second, the plaintiff's claims 'must [also] arise out of or relate to' the defendant's activities." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (quoting *O'Connor*, 496 F.3d at 317); *see also Helicopteros*, 466 U.S. at 414. "And third, exercising personal jurisdiction must not 'offend traditional notions of fair play and substantial

---

[4] This factor has also been characterized as "purposeful availment," and focuses on contact that the defendant itself created within the forum state. *Burger King*, 471 U.S. at 475.

8

justice.'" *Danziger*, 948 F.3d at 130 (quoting *O'Connor*, 496 F.3d at 317); *see also International Shoe*, 326 U.S. at 316.

Plaintiff asserts that he purchased the vehicle from Defendants in California in September 2021. (Compl. ¶ 10.) In his opposition, Plaintiff asserts that because Defendants made the auction available to New Jersey residents and sold the vehicle to a New Jersey buyer, this Court has personal jurisdiction. (ECF 15 at 9-10.) Plaintiff does not offer additional support to establish personal jurisdiction. Furthermore, Plaintiff's own exhibits attached to the Complaint cast doubt on personal jurisdiction. The exhibits show that in June and August of 2021—before Plaintiff's purported purchase of the vehicle in September 2021—repairs on the vehicle were initiated in New Jersey.[5] Defendants explain that Plaintiff did not actually purchase the vehicle from Defendants in September 2021. (GSA MTD at 13; RB MTD at 30.) Instead, Defendants assert that non-party Massa Auto, a New Jersey entity, originally purchased the vehicle in June 2021 from GSA at an IAA auction. (GSA MTD at 13; RB MTD at 30.) Then, in September 2021, Plaintiff purchased the vehicle from Massa Auto. (GSA MTD at 13; RB MTD at 30.) To support these assertions, counsel for GSA, IAA, Dina, and Oleksii submitted a declaration and attached exhibits demonstrating that Massa Auto purchased the vehicle in June 2021 from GSA at an IAA auction. (ECF 2-2, "Miller Decl.") The exhibits attached to defense counsel's declaration were provided to defense counsel by Plaintiff and include a receipt from the June 2021 sale of the vehicle to Massa Auto as well as certificates of title showing that Massa Auto owned the vehicle prior to Plaintiff. (ECF 2-6.) As noted above, in conducting the jurisdictional analysis, district courts may rely upon the parties'

---

[5] If the exhibits attached to a complaint contradict the allegations within a complaint, the exhibits control. *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018); *see In re ACB Receivables Mgmt.*, No. 14-6418, 2015 U.S. Dist. LEXIS 119812, at *6 (D.N.J. Sep. 9, 2015) (citing *Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618, 624 (D.N.J. 2010) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir.1994))).

9

declarations for relevant factual support. *See, e.g.*, *Shnayderman*, 2018 U.S. Dist. LEXIS 197593, at *11; *Pausch LLC*, 2014 U.S. Dist. LEXIS 143800, at *6-7; *Dudhwala v. Choice Hotels Int'l Servs. Corp.*, 2022 U.S. Dist. LEXIS 168453, at *10. Because Plaintiff's own documents appear to establish that Plaintiff did not purchase the vehicle from Defendants, Plaintiff has failed to demonstrate that Defendants purposefully directed their activities toward him in New Jersey such that these activities gave rise to Plaintiff's claims against Defendants. Accordingly, Defendants' motions to dismiss for lack of personal jurisdiction are **GRANTED**.[6]

## IV.     CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss (ECF 2; ECF 5) are **GRANTED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc:   Cathy L. Waldor, U.S.M.J.
      Parties

---

[6] Because this Court lacks personal jurisdiction over Defendants, it will not address the other bases for the Defendants' motions to dismiss.